The **PHOENIX INDEMNITY COMPANY, a** Corporation, Plaintiff in Error,

v.

**J. A. DENNY, Defendant in Error.**
No. 37780.

Supreme Court of Oklahoma.
Feb. 11, 1958.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Wise, Liebel & Shumake, Oklahoma City, for defendant in error.

CORN, Vice Chief Justice.

Plaintiff, J. A. Denny, brought this action on an insurance policy against the Phoenix Indemnity Company, a Corporation, defendant to collect for the loss of his automobile caused by fire, which was covered by an insurance policy issued by said defendant. The parties will be referred to herein as they appeared in the trial court.

The case was tried to a jury, and at the conclusion of all the evidence the court

instructed a verdict for the plaintiff for $400, the amount covered by the policy and the amount sued for.

The facts are the plaintiff bought the automobile covered by the policy from a Mr. Walker, on the 28th day of April, 1954, for $495, being allowed $100 tradein, and gave a note for $395 balance due to Mr. Walker secured by a mortgage on the automobile. The automobile was completely destroyed by fire on June 28, 1954.

The defendant admitted the issuance of the policy to the plaintiff; that it covered the automobile in question and was in force and effect the day the automobile was destroyed by fire.

The assignments of error by the defendant are:

1. "Plaintiff was not the real party in interest.

2. "A condition precedent to recovery on the policy was the filing of a proof of loss and none was filed by the plaintiff.

3. "There was no evidence from which the court could direct a verdict in the specific amount of $400."

We will dispose of each assignment of error in the order above set forth. In support of the first assignment of error the defendant sets forth in its brief a portion of the cross-examination of Mr. Denny:

Mr. Morrison:

"Q. But you do tell this jury that so far as you are concerned you are not receiving any benefit out of the proceeds of this lawsuit, or out of the proceeds of this policy? Is that right? A. No sir; I am not.

\* \* \* \* \* \*

"Q. Now, if you will, please, tell the jury why you will not have any interest in it? A. Well I owe it to Mr. Walker."

Mr. Liebel:

"Q. Mr. Denny, if this jury returns a verdict against the insurance company and they pay under the terms of their policy pursuant to the jury's verdict, what will you do with the money? A. Give it to Mr. Walker.

"Q. And what, in turn, will he do for you? A. He will release my note.

"Q. Then, is that the benefit you are getting out of this lawsuit? A. Yes, sir."

■ That the plaintiff would be required to pay proceeds of recovery on fire insurance policy to his mortgagee of the property burned would not make him less the real party in interest in the action.

■ In the second assignment defendant contends no proof of loss was ever filed. On this proposition we find in the record the following testimony from the witness Otis Walker:

"Q. Now Mr. Walker, keeping in mind that he testified (meaning the plaintiff) that he came to your office and signed some papers the next day, what were the papers that he signed? A. Yes, sir. The instrument was a proof of loss and a statement of exactly how the fire happened.

"Q. What did you do with those instruments? A. I called Mr. Brian Hooks and he came to my office and picked them up personally, the state agent.

"Q. The state agent for whom? A. For the Phoenix Indemnity Company, Insurance."

We hold the evidence was sufficient to establish that the proof of loss was given by the plaintiff.

The last assignment of error is there was no evidence from which the court could direct a verdict in the specific amount of $400.

The plaintiff testified that he had the automobile two months before it was destroyed, and that he owed $395 note on the car and had made a $30 payment on said note, and he guessed the car was worth $400. Mr. Walker testified the car was

worth more than $400 when it was destroyed by fire.

This testimony was not disputed.

We conclude that the evidence was sufficient to support the judgment of $400.

Judgment affirmed.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

BLACKBIRD and CARLILE, JJ., concur in result.